## AMERICAN NAT. INS. CO. v. MUNSON.
### (No. 344.)

(Court of Civil Appeals of Texas. Beaumont. April 18, 1918. Rehearing Denied May 1, 1918.)

1. INSURANCE ⬦438—LIFE POLICY—EXECUTION FOR CRIME—LIABILITY.

An ordinary life policy, in the absence of provision regarding death of insured by legal execution as punishment for crime, does not insure against death by such means.

2. INSURANCE ⬦438—LIFE POLICY—EXECUTION FOR CRIME—LIABILITY.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4741, subd. 3, providing for clauses of incontestability in life policies, does not change the public policy of the state, so as to permit recovery for death of insured by legal execution as punishment for crime.

Error from Harris County Court; Murray B. Jones, Judge.

Action by Abbie Munson against the American National Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

Williams & Neethe, of Galveston, and Kennerly, Williams, Lee & Hill, of Houston, for plaintiff in error. Lane, Wolters & Storey and L. A. Adamson, all of Houston, for defendant in error.

HIGHTOWER, C. J. This writ of error is prosecuted from a judgment of the county court at law No. 2 of Harris county in favor of defendant in error, Abbie Munson, against plaintiff in error, American National Insurance Company, on a policy of life insurance issued by plaintiff in error on the life of Henry Sampson, dated November 24, 1913. At the time this policy was issued Sylvia Hamilton, mother of Henry Sampson, was named as the beneficiary, but afterwards and in accordance with the provisions of the policy defendant in error, a sister of Henry

Sampson, was made the beneficiary in this policy. The amount stated on the face of the policy to be paid upon the death of Henry Sampson was $252, and weekly premiums were therein provided for. There is a provision in the policy to the effect that the same should be incontestable after two years from its date for the amount due, provided premiums have been duly paid, according to the terms of the policy.

It was alleged in defendant in error's petition that Henry Sampson died on the 15th day of February, 1916, by being hanged in accordance with a sentence of death passed upon him by the district court of Harris county, in conformity with the verdict of a jury in that court condemning him to death for the crime of murder. The petition further showed that all premiums due on the policy had been paid and kept up, and it was alleged that the policy was in full force at the time of the death of said Henry Sampson, caused as above stated. It was further alleged in the petition that insurance company, plaintiff in error, after due and proper demand therefor, refused and declined to pay to defendant in error the amount which it had obligated itself and became liable to pay on the death of Henry Sampson, and the statutory penalty of 12 per cent., as well as the sum of $100 for attorney's fees, which was alleged to be reasonable, were prayed. Plaintiff in error answered and interposed a general demurrer to this petition, which was overruled by the court, and it having been agreed between the parties that the material facts set forth in defendant in error's petition were true, the court proceeded to render judgment in favor of defendant in error for the full amount of the policy, and also the statutory penalty and attorney's fees, as prayed. To the action of the court in overruling its general demurrer plaintiff in error duly excepted, and the action of the trial court in that respect is the only matter here presented for review. The policy in question contains no provision stipulating either for or against the liability of the plaintiff in error in the event the life of Henry Sampson should be taken in obedience to a sentence of the law inflicted as a punishment for crime committed by him.

[1] The question, therefore, for our determination is this: Does an ordinary life insurance policy, in the absence of any provision in regard thereto, insure against death by act of the law of the land administered as a punishment for crime? We have reached the conclusion that the question must receive a negative answer. This question was squarely before the Supreme Court of the United States in the case of Burt v. Union Central Life Insurance Co., reported in 187 U. S. 362, 23 Sup. Ct. 139, 47 L. Ed. 216. In that case it was clearly held by that great court that a policy of life insurance does not insure against the legal execution of the insured for crime, even though he may, in fact,

have been innocent, and therefore unjustly convicted and executed. That decision was rendered in December, 1902, and following that decision was another by the same court, in the case of Northwestern Mutual Life Insurance Co. v. McCue, which was rendered in February, 1912, and is reported in 223 U. S. 234, 32 Sup. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57. In the latter case it was said:

"Death by a legal execution for crime is not covered by a policy of life insurance, though the policy contains no provision excepting such manner of death from the risks covered by it."

It is unnecessary for this court to discuss the reasoning of the Supreme Court of the United States in reaching its conclusion in the above-mentioned cases, as such reasoning speaks for itself, and in the opinion of this court, the same is not only legally sound, but comports with the highest public policy and common sense.

It is contended, however, by defendant in error, that the Burt and McCue Cases, supra, are without controlling effect here, for the reason that neither of the policies under consideration in those cases contained a clause of incontestability, and that, therefore, those decisions are not relevant, and should not be decisive here. It is true that neither of the policies under consideration in those cases contained a clause of incontestability, but it is clear from the opinion of the United States Supreme Court in each of those cases that the risk of death inflicted upon an insured by a court of criminal justice for crime by him committed is not such a risk as would be assumed by an insurance company, in the absence of a provision for such assumption, and, further, that if such a risk were expressly assumed, the contract would be clearly void on the ground of public policy.

In the case of Scarborough et al. v. American National Insurance Co., decided by the Supreme Court of North Carolina in April, 1916, and reported in 171 N. C. 353, 88 S. E. 482, Ann. Cas. 1917D, 1181, it was held that an ordinary life policy, which contained a a provision that it should be incontestable after two years after date of issue, provided premiums were paid, did not cover the death of the insured as the result of execution for crime, though such risk was not accepted by the provisions of the policy. In that case the Supreme Court of North Carolina unhesitatingly approved and followed the holding of the Supreme Court of the United States in the Burt and McCue Cases, and expressly declined to follow the case of Collins v. Metropolitan Life Insurance Co., reported in 232 Ill. 37, 83 N. E. 542, 14 L. R. A. (N. S.) 356, 122 Am. St. Rep. 54, 13 Ann. Cas. 129, which latter case is mainly relied upon by defendant in error here in support of the judgment of the trial court in this case. We have read carefully Collins v. Insurance Co., and as said by the Supreme Court of North Carolina, we do not regard that case as a

precedent to be followed in Texas, but prefer to follow the Supreme Court of the United States, and that of North Carolina, as well as others, holding contrary to the views expressed by the Illinois Court, and will continue to so hold, unless we should be compelled to hold otherwise by a ruling of the Supreme Court of this state on the same point.

[2] But it is further suggested by defendant in error, by way of argument, that we have a statute in this state that determines this matter in favor of her contention, and in this connection article 4741, Sayles' Texas Civil Statutes, is relied upon, which article prescribes what life insurance policies in this state shall contain. Subdivision 3 of said article reads as follows:

"A provision that the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for nonpayment of premiums; and which provision may or may not, at the option of the company, contain an exception for violations of the conditions of the policy relating to naval and military services in time of war."

It was in compliance with this provision of our statute, evidently, that the clause of incontestability found in this policy was inserted. Now, defendant in error argues that the plaintiff in error in this case in effect seeks to contest the policy in question, when, by its very terms, it is expressly made incontestable after two years from the date of its issuance, except for nonpayment of premiums, and that to permit plaintiff in error to successfully make such contention would be to permit it to do that which the law of this state prohibits it from doing, by excepting death of the insured at the hands of justice from the risks assumed by it. It is argued in this connection that it is the inherent right of every sovereign state to adopt and declare its own rules of public policy relating to any subject, and that our state Legislature, by the terms of section 3, art. 4741, above quoted, has, in effect, declared that it is not against the public policy of this state for an insurance company to insure against death by legal execution for crime, and further that, in effect, the statute prohibits an insurance company from making any such risk an exception.

We cannot agree with this contention made by able counsel for defendant in error, for we cannot believe that the Legislature of this state intended, by the statute above mentioned, to declare that it should be in keeping with the sound public policy of this state to permit an insurance company to make a valid contract of life insurance covering the risk of death inflicted by the courts of justice of this state.

After careful consideration of this whole matter we have reached the conclusion that the trial court was in error in overruling the general demurrer interposed by the plaintiff in error, and for such error its judgment must be reversed. What we have said must be construed as having reference only to the particular facts as disclosed by the petition in this case, and it will be understood, of course, that nothing we have said, in disposing of this case, has reference to what might be the rights of a beneficiary in a case where the question of the right to take under the statutes of descent and distribution may be involved.

It appears from the record in this case that plaintiff in error, in its answer below, tendered to defendant in error the amount that had been paid as premiums on the policy in question, which tender was refused, and therefore the judgment of the trial court is reversed, and the cause remanded, with instructions to render judgment in favor of defendant in error for the amount of such premiums, and otherwise dismiss the case.